The evidence in the court below was as follows: The defendant, who is an attorney practicing law in the courts of this State, was applied to by the plaintiff, residing in Johnston County, to bring suit in Cumberland County court on a note for $467. The defendant (602) took the note, gave his receipt for the same, caused a writ to be issued, became security for costs, placed it in the sheriff's hands, and on its return, as attorney for the plaintiff, obtained judgment, and caused execution to issue. The sheriff collected the money and paid it into the clerk's office, where the plaintiff applied for it. The clerk, not knowing the plaintiff, asked the defendant what *Page 326 
he should do with the money, when he was directed to pay it to him, the defendant and attorney of record, who received it accordingly and gave the clerk his receipt for it. After the defendant had taken from the money a sum equal to 5 per cent he paid the residue to the plaintiff, who objected to his retaining the 5 per cent, and brought this warrant to recover the same; the defendant had also received and retained the taxed fee of $4. It was stated by gentlemen of the bar, who were examined, that they had uniformly charged and received from their clients, when they lived out of the county where the judgment was obtained, a commission of 5 per cent, when they gave the client a receipt for collection, and collected and paid over the money, and this commission they had always claimed, notwithstanding the clerk or sheriff might have been applied to by the client for the money.
The jury was instructed that the fee of $4 was allowed by law for the professional services of an attorney in court, making up the pleadings, drawing affidavits, arguing rules, and the cause itself, attending to the entering up of judgment regularly, and the issuing of execution thereon, and perhaps to all motions against sheriffs and clerks in and concerning the execution. The attorney was not bound by law to apply to the clerk for a writ, much less was he bound to find security for its prosecution; he was not bound to carry the writ to the sheriff, nor was he bound to place the execution in the sheriff's hands, or attend to any business out of court. If the jury collected from the evidence (603) that the defendant acted as the agent of the plaintiff in performing services relative to the suit, which did not come within the duties of an attorney as before mentioned, and if they collected that he had performed these or any services by the request of the plaintiff, then the law would imply a promise on the part of the plaintiff to pay as much as such services were reasonably worth; the price of such services was a question solely for the jury; they were not obliged to give5 per cent; they had it in their power to say, first, whether, from the evidence, the defendant had done the plaintiff any services other than those which formed part of his duty as an attorney at law; and, second, if he had so done services at the plaintiff's request, they had a right to fix such a price for such services as they believed to be reasonable; and if they thought the defendant's charge too great, they might reduce it as in any other case.
There was a verdict for the defendant, whereupon plaintiff moved for a new trial on the ground of misdirection as to the law, which, being refused and judgment rendered, plaintiff appealed.
I collect from the evidence and the charge of the court upon it that it was the opinion of the judge that the defendant was *Page 327 
entitled to some compensation for collection. I think when the plaintiff, in his own person, applied to the clerk for the money, it was a countermand of any agency which the defendant would have otherwise had to collect the money. Although the defendant had received the bond to collect its amount as agent of the plaintiff, the plaintiff might at any time discharge him from that agency, though at the time of such discharge he would stand indebted to him for any services he might have rendered previous to that time. I think the rule for a new trial should be made absolute.
The rest of the Court concurring.
PER CURIAM. New trial.
(604)